**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ALAN STANTON SNEAD | : | |
| Petitioner | : | |
| v. | : | Civil Action No. DKC-09-2080 |
| BOBBY SHEARIN, WARDEN, et al. | : | |
| Respondents | ..o0o.. | |

## MEMORANDUM OPINION

Alan Stanton Snead ("Snead"), through counsel, moves to stay this § 2254 habeas corpus proceeding pending exhaustion of state court remedies. Counsel for defendants Bobby Shearin, Warden of the North Branch Correctional Institution and Douglas F. Gansler, Attorney General of Maryland, has filed a response in opposition. The motion to stay and hold this case in abeyance will be granted.

**Background**

Snead presents two claims in his petition federal habeas corpus relief: 1) ineffective assistance of appellate counsel on direct appeal from his second trial for failing to raise a "comparative rejection" claim regarding jury selection; and 2) ineffective assistance of counsel at the *Batson*[1] remand hearing after appeal.

**Procedural History**

The lengthy and protracted procedural history of this case is summarized insofar as it bears on consideration of the motion.

a. First Trial

On November 26, 2001, Snead and his co-defendant Donald Booze ("Booze") were convicted

---

[1] *See Batson v. Kentucky*, 476 U.S. 79 (1986) (holding Equal Protection Clause precludes prosecutors from challenging potential jurors solely on account of their race).

by a jury in the Circuit Court for Baltimore City of two counts of first-degree murder and one count of unlawful use of a handgun.  The court sentenced Snead to two consecutive life terms. The Court of Special Appeals of Maryland reversed the convictions, ruling that the prosecution withheld a material witness until after the defense had been presented and the trial court abused its discretion by allowing the state to reopen its case-in-chief to present testimony from the witness at rebuttal. *See Booze v. Maryland*, 94 Md. App. 331, 617 A. 2d 642 (Md. App. 1993), *aff'd*. 334 Md. 64, 637 A.2d 1214 (1994).

    b.    Second Trial

Snead and Booze were retried.  On April 25, 1995, Snead and Booze were convicted by a second jury of two counts of first-degree murder and one count of unlawful use of a handgun.  On June 19, 1995, Snead was sentenced to two consecutive life sentences and a consecutive ten-year term of incarceration.

    c.  Appeal

On direct appeal from the 1995 conviction, Snead, through counsel asserted, *inter alia*, trial court error in handling a *Batson* objection to the state's exercise of peremptory challenges.  On August 28, 1996, the Court of Special Appeals of Maryland vacated Snead's conviction based on his *Batson* claim, ruling that the state had inadequately presented a race-neutral reason for striking a potential juror from the venire.  The case was remanded for the limited purpose of permitting the state to explain its decision to strike the juror.

Snead retained private counsel, Thomas Kane, to represent him at the remand hearing.  The Circuit Court conducted the remand hearing on March 11, 1997, and found the state's proffered race-neutral rationale credible.  On May 9, 1997, the Circuit Court sentenced Snead to two life sentences and a ten-year sentence, all consecutive, based on the April 25, 1995 conviction.  At sentencing, remand counsel filed notice of appeal and served counsel for the state.  The appeal,

however, was neither docketed by the clerk nor pursued by Snead's remand counsel. The appeal remained pending until January 23, 2008. It does not appear that that the appeal was identified or raised by his post-conviction counsel, Rolf A. Quisgard, an assistant public defender. After post-conviction relief was denied, James C. Buck, Esq., who is presently representing Snead, discovered that the appeal was never docketed or adjudicated. Paper No. 1, Exhibit 22.

    d. Post-Conviction Petition

On June 29, 1998, Rolf A. Quisgard, Assistant Public Defender, filed a Petition for Post-Conviction Relief on Snead's behalf, asserting ineffective assistance of appellate counsel on direct appeal from his second trial. Several months earlier, the Court of Appeals of Maryland had reversed co-defendant Booze's conviction, finding trial court error for requiring exercise of peremptory challenges in the absence of a full juror panel ("comparative rejection"), a violation of Maryland Rule 4-312. Snead's appellate counsel, who had not raised comparative rejection on appeal, notified Snead of a potential ineffective assistance of appellate counsel claim on this ground, and referred him to the Office of the Public Defender. As earlier noted, Mr. Quisgard does not appear to have been aware of the appeal taken by Thomas Kane after remand.

On February 8, 2002, the Circuit Court found appellate counsel ineffective for failing to raise comparative rejection on direct appeal, and granted Snead leave to file a belated appeal to the Court of Special Appeals. The state filed an Application for Leave to Appeal that decision. The Court of Special Appeals granted the state's Application for Leave to Appeal on September 19, 2002. The Office of the Public Defender was unable to continue representation due to conflict; James C. Buck, Esq. agreed to take Snead's case on a pro bono basis. [2]

On October 10, 2003, the Court of Special Appeals vacated the Circuit Court's order finding ineffective assistance of appellate counsel and remanded the case to consider whether counsel's

---

[2] The court appreciates Mr. Buck's service in this regard.

performance was objectively deficient based on the law and facts as they existed at the time of appeal.

On September 2, 2005, the Circuit Court determined that counsel's performance was not objectively unreasonable at the time of appeal and denied post-conviction relief. Sneads' Application for Leave to Appeal the Denial of Post-Conviction relief was denied by the Court of Special Appeals on October 7, 2005.

    e.    Motion to Reopen Petition for Post-Conviction Relief

On December 11, 2006, Snead filed a Motion to Reopen Petition for Post-Conviction Relief, claiming that remand counsel was ineffective for failing to perfect direct appeal or that court personnel had deprived him of due process by failing to docket the appeal. The Circuit Court denied the Motion to Reopen the Petition for Post-Conviction Relief on December 20, 2006.

On January 16, 2007, Snead filed an Application for Leave to Appeal the Denial of Motion to Reopen Petition for Post-Conviction Relief. On May 8, 2007, the Court of Special Appeals granted the application. On June 12, 2007, the Court of Special Appeals granted Snead the right to file a belated, out-of-time appeal from the Circuit Court's March 11, 2007 decision after remand.

    f.    Belated Right of Appeal from March 11, 2007 Decision on Remand

Snead argued on belated appeal that the Circuit Court erred by finding the state's reasons for jury selection credible. On January 23, 2008, the Court of Special Appeals denied Snead's belated appeal and affirmed the Circuit Court's *Batson* remand ruling. The mandate issued on February 22, 2008.

On March 3, 2008, Snead filed a Petition for Writ of Certiorari in the Court of Appeals of Maryland which presented two issues: 1) whether, on appeal from the *Batson* remand hearing, the Court of Special Appeals should have considered record evidence that the state had erroneously represented the race, sex, age, and identity of the juror who replaced the stricken venireperson; and

2) whether the Court of Special Appeals should have considered the entire record of jury selection in evaluating the Circuit Court's *Batson* credibility ruling rather than the limited colloquy at remand. The Court of Appeals denied certiorari on May 8, 2008. [3]

On May 8, 2009, Snead, through his counsel, filed a second Motion to Reopen Petition for Post-conviction Relief in the Circuit Court. The motion is pending in the Circuit Court.[4]

**Discussion**

State prisoners must exhaust available state remedies prior to filing a §2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir.1998) (citing *Matthews v. Evatt,* 105 F.3d 907, 910-11 (4th Cir.1997)). Section 2254 petitions are also subject to a one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). When a state prisoner presents a petition containing claims that are both exhausted and unexhausted, thereby implicating the one-year limitations period, federal district courts have discretion to stay the petition to permit exhaustion of unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 276-78 (2005). A stay is appropriate where

"the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78.

---

[3] Under these circumstances, Snead's judgment of conviction became final for the purpose of running the one-year limitations period applicable to § 2254 proceedings on August 7, 2008, when the 90-day period for filing a petition for writ of certiorari in the Supreme Court expired. *See Jimenez v. Quarterman*, 189 S. Ct. 681, 685 (2009) (holding that "where a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal."); *see also* Sup. Ct. R. 13(3).

[4] District court personnel have verified that the matter remains pending before the Circuit Court for Baltimore City in Case No. 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-2.

Snead alleges that remand counsel's failure to present facts contradicting the state's rationale for striking the juror amounts to ineffective assistance. Snead argues that he could not raise ineffective assistance of remand counsel until after conclusion of direct review; and review was delayed due to remand counsel's inaction in pursuing appeal and clerical docketing error. For these reasons, Snead asserts that his pending Second Petition to Reopen Post-Conviction proceedings serves the interests of justice, and a stay is warranted in this case.

Snead demonstrates good cause for failing to exhaust the factual basis for his claim. Further, on its face, the claim might have merit. Given these circumstances, the court concludes a stay and abeyance is appropriate under the standard articulated in *Rhines*. A separate order will issue.


Date:   January 8, 2010                          _____/s/_____
                                                 DEBORAH K. CHASANOW
                                                 United States District Judge